UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANGELA THOMPSON, | ) |
|     Plaintiff, | ) ) ) |
| v. | )    No. 18-cv-7527 |
| HARRIS & HARRIS, LTD., | ) )    Judge Thomas M. Durkin |
|     Defendant. | ) ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Angela Thompson alleges defendant Harris & Harris, LTD ("Harris") violated the Fair Debt Collection Practices Act ("FDCPA") and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") when it sent her a debt collection letter and left her a voicemail seeking to collect a debt. Currently before the Court is Harris's motion to dismiss the complaint in its entirety for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). R. 8. For the following reasons, that motion is granted.

**STANDARD**

A Rule 12(b)(6) motion challenges the "sufficiency of the complaint." *Berger v. Nat. Collegiate Athletic Assoc.*, 843 F.3d 285, 289 (7th Cir. 2016). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-

harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 646 (7th Cir. 2018).

## ANALYSIS

The facts are not in dispute. Thompson defaulted on a debt owed to Northwestern Medicine. R. 1 ¶ 12-13. The collection of the debt was then transferred to Harris, a debt collection agency. *Id*. ¶ 14. On September 17, 2018, Harris sent Thompson a collection letter seeking to collect the debt. *Id*. ¶ 14; R. 1-1. Harris does not allege when she received the letter. At the top of the page, the collection letter contained details on how to make payment online, by mail, or by entering into a payment plan. R. 1-1. It attached a detachable payment coupon at the bottom of the page. *Id.* The letter also contained a debt verification rights notice as required by 15 U.S.C. § 1692g informing Thompson she had the right to dispute the debt within thirty days. *Id*. About a month after the date on the letter, on October 15, 2018,

2

Thompson received a voicemail from Harris identifying itself as a debt collector. R. 1 ¶ 20. Thompson alleges that Harris "attempted to demand immediate payment" from her by leaving the voicemail. *Id.* ¶ 21.

Under 15 U.S.C. § 1692g(a), a debt collector must disclose to the consumer certain information, including the amount owed, the name of the creditor, and the consumer's rights to dispute the validity of the debt within thirty days. *Avila v. Rubin*, 84 F.3d 222, 226 (7th Cir. 1996). After this thirty-day validation period expires, the debt collector may assume that the debt is valid. 15 U.S.C. § 1692g(a)(3). This validation period, however, is not a grace period. A debt collector can demand payment and pursue collection efforts, including an appropriate lawsuit against the debtor, within the validation period. *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 416 (7th Cir. 2005). "Thus, during the validation period, the debtor's right to dispute coexists with the debt collector's right to collect." *Id*.

Perhaps for obvious reasons, "[t]his coexistence has created a breeding ground for claims of unsophisticated-debtor confusion because, on one hand, the debt collector is telling the debtor that the debtor has the right to dispute, and, on the other hand, the debt collector is telling the debtor to pay." *Id*. As such, even with a proper validation notice, a debt collector may violate § 1692g if "it creates confusion by contradicting the required information, overshadowing or obscuring it, or failing to explain an apparent contradiction." *Peterson v. Midland Credit Mgmt., Inc.*, 2011 WL 781538, at *4 (N.D. Ind. Feb. 28, 2011). To determine if communications violate the FDCPA, the Court examines whether they are confusing from the standpoint of

3

the so-called unsophisticated consumer or debtor. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). This "unsophisticated consumer" is generally "uninformed, naive, or trusting." *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). While this person possesses "rudimentary knowledge about the financial world" and is "capable of making basic logical deductions and inferences," he does not read collection letters in a "bizarre or idiosyncratic" fashion. *Pettit v. Retrieval Masters Creditor Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000).

Here, Thompson concedes that the letter she received properly explained her validation rights. But she contends that the letter and the voicemail were demands for immediate payment, which "overshadowed" the disclosure of her rights.[1] R. 1 ¶ 19. The Court will address each communication in turn.

First, as to the letter, "the simple act of demanding payment in a collection letter during the validation period does not automatically create an unacceptable level of confusion so as to entitle the plaintiffs" to relief. *Durkin,* 406 F.3d at 417. Courts in this circuit have held that similar letters—and letters that are far more inflammatory—do not violate § 1692g of the FDCPA. In *Zemeckis v. Global Credit & Collection Corp.*, 679 F.3d 632 (7th Cir. 2012), for example, the debt collector sent the consumer a collection notice that "urge[d]" the plaintiff to "take action now" and suggested that she call the debt collector's office "today." *Id.* at 634. In upholding the

---

[1] Because of this "overshadowing," Thompson further alleges that Harris violated other provisions in the FDCPA, in particular, that it used "false, deceptive, or misleading representation or means" in violation of § 1692e and used "unfair or unconscionable means" in violation of § 1692f. In Count II, Thompson alleges Harris also violated ICFA through this conduct.

district court's dismissal, the Seventh Circuit characterized that language as mere puffery, which alone is not a violation of § 1692g. The court stated that "[e]ven the most unsophisticated debtor would realize that debt collectors wish to expedite payment, and urging him to hurry does not confuse or undermine his right to his validation period." *Id*. at 636. In *Zemeckis*, the court found that neither informing a debtor of the creditor's right to sue, nor placing the validation notice on the back of the letter, violated the FDCPA. *Id*.

The letter Harris sent to Thompson is even more benign than that in *Zemeckis*. There is no language suggesting immediacy nor does it require Thompson to pay the debt before the end of the validation period. In fact, there is no due date at all on the letter. Instead, the letter offers options to Thompson, including payment plans and "charity care consideration," which the Court presumes offers a way for Thompson's debt to be eliminated if she meets certain criteria. A collection letter that conveys that the "consumer has the option of paying the amount due, paying the total balance, or doing neither and contesting the debt" does not contradict or overshadow the validation notice. *Olson v. Risk Mgmt. Alternatives, Inc.*, 366 F.3d 509, 512-13 (7th Cir. 2004) (phrase "Now Due" twice in the letter did not overshadow the validation notice). Thompson could have paid the amount due, contested the debt, or contacted Harris to explore other options. Further, unlike *Zemeckis*, there is no threat of legal action implied in the letter and the validation notice is displayed on the front of the page, rather than on the back. The letter's detachable section also says nothing of payment being immediately due. Nor does its language contradict the disclosure

5

because it does not request payment before the end of the validation period. Like the payment plans, its sole purpose is to allow Thompson to more easily pay her debt.

Thompson argues that the collection letter "as a whole" overshadowed her validation rights. In support, Thompson relies on three Seventh Circuit cases that hold that a demand for payment contradicting the thirty-day dispute period may cause confusion among "unsophisticated consumers." *See, e.g., Bartlett v. Heibl*, 128 F.3d 497, 499 (7th Cir. 1997) (letter stating the consumer "must" pay or make suitable arrangements for payment within a week); *Chauncey v. JDR Recovery Corp.*, 118 F.3d 516, 518 (7th Cir. 1997) (letter stating that debt collector would "pursue other avenues to collect the amount due" unless full payment was made within thirty days); *Avila*, 84 F.3d at 225 (letter threatening legal action if payment or arrangement for payment was not made within ten days from date of the letter). But in these cases, the debt collectors demanded payment within a certain time period. As discussed, Harris's letter made no such demand. The Court does not find that the letter demanded Thompson pay the debt before the expiration of the validation period. Accordingly, the letter did not overshadow the validation notice. *See also Baratta v. Fin. Recovery Servs., Inc.*, 2018 WL 5388057, at *3 (N.D. Ill. Oct. 29, 2018) (similar letter to Harris's with detachable payment coupon and no immediate payment notice did not violate the FDCPA); *Lamarr v. Computer Credit, Inc.*, 2018 WL 5620006, at *1 (N.D. Ind. Oct. 30, 2018) (letter with detachable payment coupon and more inflammatory statements such as "Our records indicate that this debt is your responsibility. This letter will serve to inform you that your account remains unpaid

and we expect resolution of your obligation to the business office" and "Pay the amount due to prevent further collection activity by Computer Credit, Inc" did not violate § 1692g); *Nieto v. MRS Assocs.*, 2018 WL 5884529, at *3 (N.D. Ill. Nov. 9, 2018) (collection letter which provided payment plan options did not overshadow validation notice).[2]

Harris's voicemail (as alleged) also does not overshadow the validation notice. Thompson alleges Harris left her a voicemail identifying itself as a debt collector. She does not allege that Harris demanded immediate payment from her. Instead, Thompson only speculates that by leaving the voicemail, Harris was "attempting to demand immediate payment." R. 1 ¶ 21. Without allegations that Harris did anything other than identify itself as a debt collector on the voicemail, Thompson's speculative allegations about what the phone call intended are insufficient. *See Durkin*, 406 F.3d at 417 ("If, as this court held in *Bartlett*, a debt collector can bring a lawsuit during the validation period in an effort to collect a debt, then certainly a debt collector can send follow-up collection letters (as well as place telephone calls) demanding payment during the validation period.").

At bottom, the Court is unpersuaded that the payment plans in the letter and the detachable section, even coupled with the voicemail, are sufficiently emphasized or carry a sense of urgency that would confuse an unsophisticated consumer and lead her to believe payment was due immediately.

---

[2] Although Harris cited these cases in its motion to dismiss, Thompson failed to address them.

Because the overshadowing determination is dispositive and Thompson offers no other showing of deceit, misrepresentation, unfair, or unconscionable means to collect, Thompson's §§ 1692e and 1692f claims based on the same theory also fail. *See Baratta*, 2018 WL 5388057, at *4 (§§ 1692e and 1692f claims did not survive after court found overshadowing argument failed).

Finally, as no federal claim remains in the case, the Court declines to exercise supplemental jurisdiction over Thompson's state law claim. *See* 28 U.S.C. 1367(c); *Szumny v. Am. Gen. Fin., Inc.*, 246 F.3d 1065, 1073 (7th Cir. 2001) (recognizing that the decision to retain supplemental state law claims is in the discretion of the district court).

**Conclusion**

For these reasons, Harris's motion to dismiss [8] is granted without prejudice. If Thompson believes she can cure the deficiencies identified in this opinion, she may file a motion for leave to file an amended complaint on or before March 20, 2019. The motion should attach a redlined comparison between the current complaint and the proposed amended complaint, and it should be supported by a brief of no more than five pages describing how the proposed amended complaint cures the deficiencies in the current complaint. Thompson's request for oral argument contained in her response to the motion to dismiss is denied. The issues in the parties' briefings were straightforward and the Court does not need any additional argument.

ENTERED:

Dated: February 27, 2019

_____
Honorable Thomas M. Durkin
United States District Judge